IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. BERGERON,

    Plaintiff,                                     No. 2:11-cv-0484 KJN P

    vs.

THE STATE OF CALIFORNIA, et al.,

    Defendants.                             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, and is proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  <u>See</u> 28 U.S.C. § 636(c).

        While not entirely clear, it appears plaintiff claims that his constitutional right to enter into a contract was impaired by the application of California's Three Strikes Law to plaintiff's criminal conviction, including his prior criminal convictions, and in violation of the Ex Post Facto Clause.  Plaintiff entitles his filing as a "Petition for Injunction," and claims to seek declaratory and injunctive relief.

        A civil rights action brought pursuant to 42 U.S.C. § 1983, challenges the

*conditions* of the prisoner's confinement.  By contrast, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the *fact or duration* of a petitioner's conviction.  Habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking immediate or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  Because plaintiff is challenging the application of California's Three Strikes Law to his criminal conviction, any relief would implicate the duration of plaintiff's conviction.  Therefore, plaintiff must seek relief under 28 U.S.C. § 2254.

Despite the liberality given pro se complaints, courts must be careful when deciding whether to convert a civil rights complaint into a habeas corpus petition.  This caution is because "[a]ttempts to circumvent the habeas corpus statute['s exhaustion requirement] will be repudiated," Hanson v. Heckel, 791 F.2d 93, 95 (7th Cir.1986), citing Justice Brennan's dissent in Preiser, 411 U.S. at 524 n.24.  The exhaustion requirement is not the same for both habeas corpus actions and civil rights actions.  A federal court may not grant a writ of habeas corpus on behalf of a state prisoner when the petitioner has not exhausted the remedies available in the courts of the state.  Preiser, 411 U.S. at 489.  This rule is based on the principle of comity, which is defined as "giving a state court system that has convicted a defendant the first opportunity to correct its own errors. . . ."  Id., at 492.

Moreover, if plaintiff is challenging the application of the Three Strikes Law to his criminal conviction, plaintiff must raise that challenge in the district in which he was convicted.  Court records indicate that plaintiff was convicted in Orange County, California, and his conviction was affirmed on appeal.  People v. Bergeron, 2007 WL 604000 (Cal. App. 4 Dist., 2007).[1]  Thus, any challenge to plaintiff's underlying criminal conviction must be filed in the

---

[1] Plaintiff is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

United States District Court for the Central District of California.  Indeed, court records indicate that on February 3, 2010, plaintiff filed a petition for writ of habeas corpus in the Central District.  <u>Bergeron v. Marshall</u>, 8:10-cv-0129 JST FFM (C.D. Cal.).[2]  In that petition for writ of habeas corpus, plaintiff raised two claims, alleging a double jeopardy violation and a due process violation, and asked the court to have plaintiff's prior convictions presented to a jury to determine if those priors qualify as a California serious felony offense.  <u>Id.</u>, Dkt. No. 1 at 12.  However, in that habeas petition, plaintiff does not mention an alleged wrongful application of California's Three Strike Law or a violation of the Ex Post Facto Clause.  <u>Id.</u>  Plaintiff is advised that if he seeks to challenge the application of the Three Strikes Laws to his criminal conviction or allege that the application violated the Ex Post Facto Clause, plaintiff may want to forthwith move to amend the habeas petition filed in the Central District of California to include those claims.  <u>Woods v. Carey</u>, 525 F.3d 886, 888 (9th Cir. 2008).[3]  However, plaintiff is cautioned that the Supreme Court has "repeatedly upheld recidivism statutes against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities."  <u>Parke v. Raley</u>, 506 U.S. 20, 27 (1992).

In an abundance of caution, plaintiff is granted leave to file an amended complaint should he seek relief that does not implicate the fact or duration of his confinement.  Plaintiff is cautioned, however, that if he elects to file an amended complaint, he will be required to pay the $350.00 filing fee.  If plaintiff elects to voluntarily dismiss this action, the court will not assess the filing fee.

---

[2] A court may take judicial notice of court records.  <u>See, e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[3] Once the district court rules on the merits of plaintiff's habeas petition, plaintiff is required to move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the subsequent application.  28 U.S.C. § 2244(b)(3).

If plaintiff chooses to amend the instant complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice;

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Election and submit the following documents to the court:

    a. The completed Notice of Election; and

    b. If plaintiff elects to amend the complaint, an original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

1         also bear the docket number assigned to this case and must be labeled

2         "Amended Complaint."

3 Failure to file the Notice of Election in accordance with this order will result in the dismissal of

4 this action.

5       3. The Clerk of the Court is directed to send plaintiff the form for filing a civil

6 rights complaint pursuant to 42 U.S.C. § 1983.

7 DATED: April 12, 2012

8

9                           _____

                                KENDALL J. NEWMAN

10                               UNITED STATES MAGISTRATE JUDGE

11 berg0484.lta

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. BERGERON,

    Plaintiff,                             No. 2:11-cv-0484 KJN P

    vs.

STATE OF CALIFORNIA, et al.,           NOTICE OF ELECTION

    Defendants.

_____/

    Plaintiff elects the following option, pursuant to the court's order filed _____:

    _____      Plaintiff elects to voluntarily dismiss this action.

    OR

    _____      Amended Complaint (election of this option will incur the $350.00 filing fee as required under 28 U.S.C. § 1915.)

DATED:

                                                                                                 
Plaintiff